UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FELIPE FERNANDEZ, on behalf of himself and all others similarly situated,

                Plaintiff,

                v.

ENDURA INTERNATIONAL,

                Defendant.

24-cv-9221 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

      Plaintiff Felipe Fernandez brings this action against Defendant Endura International, Inc., alleging violations of the Americans with Disabilities Act ("ADA"). For the reasons set forth below, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**BACKGROUND**

      On December 3, 2024, Plaintiff filed a complaint. *See* Dkt. No. 1. The Court issued an electronic summons the next day, which was served on Defendant on December 12, 2024. *See* Dkt. No. 4. Although Defendant's answer was due on January 2, 2025, no answer was filed. Plaintiff then requested a certificate of default on February 4, 2025, which the clerk of court issued the same day. *See* Dkt. Nos. 7, 9. Because Plaintiff failed to timely move for default, the Court issued an order on March 17, 2025 directing Plaintiff to file a motion for default judgment by April 2, 2025, and warned Plaintiff that failure to do so may result in dismissal of this action. *See* Dkt. No. 10. After Plaintiff failed to move for default, the Court issued another order on April 4, 2025, which ordered Plaintiff to file his motion for default by April 18, 2025. *See* Dkt. No. 11. The Court warned that failure to move for default would result in dismissal of the action under Federal Rule of Civil Procedure 41(b). To date, Plaintiff has still not moved for default judgment.

**LEGAL STANDARD**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

**DISCUSSION**

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant: he has not communicated with the Court in nearly three months, despite the issuance of several orders directing Plaintiff to move for default judgment. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D.

150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, No. 10 Civ. 5354, 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (report and recommendation) (recommending the dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015).  Second, Plaintiff was on notice that his failure to comply would result in dismissal:  the Court's March 18, 2025 order explicitly warned Plaintiff that the action could be dismissed if he failed to move for, Dkt. No. 10, and the April 4, 2025 order further warned that failure to respond "will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b), Dkt. No. 11; *see Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal").  Third, Plaintiff has been given multiple opportunities to be heard, as evidenced by the Court's repeated warnings that dismissal was imminent.  Fourth, this case has been pending for four months, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  In light of these considerations, the Court finds that Plaintiff's non-compliance warrants dismissal.

The Court nonetheless concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this action. *Baptiste*, 768 F.3d at 216.  This action has not substantially burdened the Court's docket, as the Court has not yet decided any substantive motions, presided over any discovery, or scheduled trial.  Moreover, given that the Defendant here has failed to appear, the Court cannot conclude that Defendant would suffer prejudice if this litigation were allowed to continue.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)

("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Accordingly, the Court finds that dismissal without prejudice is the appropriate sanction here. *See, e.g., Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with not activity") (cleaned up).

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated:   April 28, 2025
         New York, New York

                                                  Hon. Ronnie Abrams
                                                  United States District Judge